UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GUITY, ET AL                               CIVIL ACTION

VERSUS                                     NO: 11-2506

LAWSON ENVIRONMENTAL SERVICES              SECTION: J
& RESPONSE COMPANY, ET AL

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* filed by Defendant United States Environmental Services, L.L.C. ("USES") **(Rec. Doc. 71)**, as well as an *Opposition* filed by Defendant Lawson Environmental Service, L.L.C. ("Lawson") **(Rec. Doc. 86)** and USES's *Reply* **(Rec. Doc. 93)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

## PROCEDURAL AND FACTUAL BACKGROUND

USES entered into a Master Service Contract with BP America Production Company (**"BPA"**), effective February 20, 2007, whereby USES agreed to provide various oil spill response services for an initial period of three (3) years. (Rec. Doc. 73, p. 6). USES later entered into another Master Service Contract with BP Exploration and Production, Inc. (**"BPE"**), effective August 19, 2010, which was governed by the terms of the original Master Service Agreement and extended the term of the agreement through December 31, 2010. (Rec.

1

Doc. 91, p. 70).[1] Lawson entered into a Master Service Contract with **BPE**, effective July 11, 2010,  whereby Lawson agreed to provide oil spill response services in connection with the Macondo well incident for an initial period of one (1) year. (Rec. Doc. 73-1, p. 6).[2]

The USES agreement originally defined "Company" as referring to **BPA**. (Rec. Doc. 73, p. 4). The Lawson agreement defines "Company" as referring to either **BPA** or **BPE**, or both, to be determined according to the language of the preamble.[3] (Rec. Doc. 73-1, p. 3-4). The USES agreement was amended effective January 1, 2010. The amendment states: "All references to "Company" in the Contract shall refer to BP America Production Company [**BPA**] and/or BP Exploration & Production, Inc. [**BPE**]" (Rec. Doc. 91, p. 61).[4]

---

[1]For purposes of this motion, the Court will refer to both of USES's Master Service Contracts collectively as "the USES agreement."

[2] For the purposes of this motion, the Court will refer Lawson's Master Service Contract as "the Lawson agreement."

[3] The preamble to the Lawson agreement states:

The entity under this Contract acting as Company shall be determined by the ownership interest in the respective assets which are the subject of the services under this Contract at any given time; provided, however, in the event that no services are in progress, or other issues of Contract arise which do not pertain to one or the other entity, then both entities of Company shall act as Company.

(Rec. Doc. 73-1, p. 3).

[4] The amendment goes on to state:

The entity under the Contract acting as Company shall be determined by the ownership interest in the respective assets which are the subject of the services under the Contract at any given time; provided, however, in the event that no services are in progress, or other issues of Contract arise which do not pertain to one or the

Both agreements include an identical cross indemnity provision, which provides as follows:

> 14.04          <u>Cross Indemnity Provision</u>: To the extent Company's other contractor(s) executes cross indemnification and insurance and waiver provisions substantially similar to those contained in this Section 14.04:
>
> 14.04.01   Contractor[5] agrees to Indemnify Company's other contractors(s) (and its subcontractors or Group[6] as referred to in such other contractor's contract) from and against all Claims/Losses for the following when Connected With this Contract:

---

other entity, then both entities of Company shall act as Company.

(Rec. Doc. 91, p. 61).

[5] In the USES agreement, "Contractor" refers to USES. (Rec. Doc. 73, p. 3, 4). In the Lawson agreement, "Contractor" refers to Lawson. (Rec. Doc. 73-1, p. 3, 4).

[6] Both agreements define "Contractor Group" in the following way:

<u>"Contractor Group"</u> shall mean the following Persons individually and collectively: Contractor and its Affiliates, its subcontractors and their Affiliates, and the officers, directors, shareholders, employees, agents, and representatives of all of those entities. ...

(Rec. Doc. 73, p. 4; Rec. Doc. 73-1, p. 4).

(I) all injuries to, deaths, or illnesses of persons in the Contractor Group, and

(ii) all damages to or loses of Contractor's Property,

<u>even if caused by the Negligence/Fault</u> of Company's other contractors(s) (or its subcontractors or Group, as applicable) or any other Person.

14.04.02   Contractor agrees that it will support its mutual indemnity obligations in this Section 14.04 with insurance or qualified self-insurance with minimum limits set forth in Section 14.11 obtained for the benefit of such other contractor(s) (and its subcontractors or Group, as applicable) as indemnitees, but such minimum insurance requirements shall not limit Contractor's indemnity obligations except to the extent mandated by applicable law. ...

4

> The parties intend to create a third party
> beneficiary obligation of Contractor in favor of
> such other of Company's contractors that have
> included reciprocal cross indemnity, insurance
> support, and waiver provisions in their respective
> contracts with Company (and to extend such third
> party beneficiary obligation of Contractor to the
> subcontractors or Group, as applicable, of such
> other contractors).

(Rec. Doc. 73, p. 12-13 (emphasis in original); Rec. Doc. 73-1, p. 13 (emphasis in original)).

Plaintiffs Guity and Quintero were both employees of Lawson performing oil spill cleanup onboard the M/V BLOOMER II, which was operated by Lawson. On October 7, 2010, Plaintiffs were allegedly injured when the M/V BLOOMER II collided with another vessel also operated by Lawson. Both the USES agreement and the Lawson agreement were in effect on that date. On October 6, 2011, Plaintiffs filed suit against Lawson, USES, and the vessel owner for their injuries.[7] USES filed an answer on November 15, 2011, asserting a cross-claim against Lawson, seeking defense and indemnity. Lawson has denied its obligation to defend and indemnify

---

[7] USES claims that it "was only named as a defendant in this matter because the operator of the vessel that collided with Plaintiffs' vessel claims he was instructed to operate the vessel that day by USES personnel." (Rec. Doc. 71-2, p. 4, n.11).

5

USES. Both Plaintiffs have settled their claims, and USES has filed the instant motion, requesting that the Court require Lawson provide it with defense and indemnity, as well as attorneys' fees and costs.

## PARTIES' ARGUMENTS

USES maintains that it is contractually entitled to be defended and indemnified by Lawson because the language of the cross indemnity provisions is unambiguous and evidences the parties' intent to cover these types of losses. USES also argues that it is a third party beneficiary under the Lawson agreement because the language of that agreement shows that it was intended to benefit USES. Lawson counters that it was a contractor of **BPE**, but USES was a contractor of **BPA**, not **BPE**. Therefore, according to Lawson, there remains a genuine issue of material fact as to "[t]he identity of the true entity" for which USES was working at the time of the accident (**BPA** or **BPE**), and thus, there is a genuine issue of material fact as to whether Lawson is required to indemnify USES.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56©); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994).

When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id*. at 1265.

7

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

This Court has previously held:

Under maritime law, "an indemnity agreement ... should be read as a whole and its words given their plain meaning unless the provision is ambiguous. Disagreement as to the meaning of a contract does not make it ambiguous, nor does uncertainty or lack of clarity in the language chosen by the parties." ... Furthermore, [a] contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties, but it should not be read to impose liability for those losses

8

or liabilities which are neither expressly within its
terms nor of such a character that it can be reasonably
inferred that the parties intended to include them within
the indemnity coverage.

*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of
Mexico, on April 20, 2010*, 841 F. Supp. 2d 988, 994 (E.D. La. 2012)
(Barbier, J.) (internal citations omitted).

Here, the language of the identical cross indemnity provisions
is not ambiguous, and it clearly demonstrates the parties'
contemplation that Lawson would indemnify USES for any injuries
sustained by Lawson's employees. In fact, the provisions both
explicitly state:

> *The parties intend to create a third party beneficiary*
> *obligation of Contractor in favor of such other of*
> *Company's contractors that have included reciprocal*
> *cross indemnity, insurance support, and waiver*
> *provisions in their respective contracts with Company*
> (and to extend such third party beneficiary obligation
> of Contractor to the subcontractors or Group, as
> applicable, of such other contractors).

(Rec. Doc. 73, p. 12-13 (emphasis added); Rec. Doc. 73-1, p. 13

(emphasis added)). Given the definitions of "Company" in the Lawson agreement and in the amended USES agreement, it is clear that at the time of the accident, Lawson was acting as a contractor for either BPA or BPE, and USES was also acting as a contractor for either BPA or BPE. Therefore, USES is entitled to defense and indemnification by Lawson.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 71)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Lawson shall defend and indemnify USES against all claims made by Plaintiffs against USES in the above-captioned action.

**IT IS FURTHER ORDERED** that USES may submit a properly supported motion for reasonable attorneys' fees and costs, establishing USES's entitlement to attorneys' fees and costs and itemizing the hourly rates, number of hours worked, and costs incurred, *within thirty (30) days*.

**IT IS FURTHER ORDERED** that the *Motion for Extension of Deadlines* **(Rec. Doc. 95)** is hereby **DENIED AS MOOT.**

New Orleans, Louisiana this 21st day of May, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE